UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICROBILT CORPORATION**, <br><br> Plaintiffs, <br><br> v. <br><br> **CERTAIN UNDERWRITERS AT LLOYDS, LONDON and CFC UNDERWRITING LIMITED**, <br><br> Defendants. | Civil Action No. 20-12734 (FLW)(ZNQ) <br><br> **MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon Plaintiff Microbilt Corporation's ("Plaintiff") Motion for Leave to File an Amended Complaint (the "Motion"). (Mot., ECF No. 13.) Defendants Certain Underwriters at Lloyds, London ("Underwriters") and CFC Underwriting Limited ("CFC") (collectively as, "Defendants") opposed, (Defs.' Opp'n, ECF No. 14), and Plaintiff replied, (Pl.'s Reply, ECF No. 17). The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Motion is granted.

I.   BACKGROUND

Plaintiff commenced this action against Defendants on September 15, 2020. (Compl., ECF No. 1). Plaintiff alleges that it purchased a management liability insurance policy for the period of November 7, 2017 to November 7, 2018 (the "Policy"). (Mot. at 4.) The Policy was underwritten by Underwriters and it was effected through CFC. (*Id*.) In 2018, Plaintiff submitted notice of claims to CFC. (*Id*.) Defendants accepted coverage for the claims, but allegedly failed to timely

pay Plaintiff for its insured losses. (*Id.*) Plaintiff contends that as of September 15, 2020, Defendants had not fully paid Plaintiff, which led to Plaintiff filing the instant action. (*Id.*) On September 24, 2020, Defendants paid Plaintiff up to the limits of the Policy, but Plaintiff alleges that Defendants did not pay for the extra-contractual damages that Plaintiff suffered as a result of Defendants' delay in making the payment. (*Id.* at 5.) Plaintiff alleges that Defendants are liable for breach of contract for failing to timely comply with their contractual obligations under the Policy. (*Id.* at 3.) Plaintiff also alleges that Defendants breached the implied covenant of good faith and fair dealing as a result of "their unreasonable delay and reckless disregard to pay defense fees owed to [Plaintiff]." (*Id.*)

Defendants filed a motion to dismiss on October 21, 2020, seeking to dismiss Count I for breach of contract against Underwriters and all counts against CFC. (Mot. to Dismiss, ECF No. 9.) In their motion to dismiss, Defendants argue that Plaintiff cannot bring any claims against CFC because CFC is not a party to the insurance policy. (*See id.*) In light of that assertion, Plaintiff seeks "leave to file an amended complaint to assert additional claims against CFC as Underwriters' agent or claims handler." (*Id.* at 5.) Specifically, in the original complaint, Plaintiff alleges that Defendants were the insurance companies that issued the Policy. Now, because of Defendants' argument that CFC is not a party to the insurance policy, Plaintiff seeks leave to amend. (*Id.* at 6-7). In sum, Plaintiff seeks to: (1) add a count for breach of contract in the alternative against CFC as Underwriters' agent or claims handler, for its failure to timely process Plaintiff's insured claims and for failure to make prompt payment of undisputed amounts to Plaintiff pursuant to the Policy; and (2) add a negligence claim against CFC for failing to act with the duty of care owed to Plaintiff in processing the insured claims. (Reply at 1; Proposed Amend. Compl. at 8-9.)

## II.     LEGAL STANDARD

Rule 15(a)(2) authorizes a party to amend its pleadings "only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Though within the discretion of the Court,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Great Western Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (citing *In re Merck & Co. Sec., Derivative, & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007). "The standard for assessing futility is the 'same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6),'" meaning that all pleaded allegations are taken as true and viewed in a light most favorable to plaintiff. *Id.* (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Winer Family Trust v. Queen*, 503 F.3d 319, 330-31 (3d Cir. 2007). "[D]elay alone does not justify denying a motion to amend." *Allegheny Plant Servs., Inc. v. Carolina Cas. Ins. Co.*, No. 14-4265, 2017 WL 772905, at *4 (D.N.J. Feb. 27, 2017). "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Phillips v. Borough of Keyport*, 179 F.R.D. 140, 144 (D.N.J. 1998) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)) (alteration in original). The Third Circuit has contemplated that the standard for denial of amendment is high, stating "[g]enerally,

Rule 15 motions should be granted." *United States ex rel. Customs Fraud Investigations, LLC. V. Victaulic Co.*, 839 F. 3d 242, 249 (3d Cir. 2016).

### III.   DISCUSSION

There is no dispute before the Court as to whether Plaintiff's proposed amended complaint will cause any undue delay or undue prejudice against Defendants. Thus, the Court turns to whether Plaintiff's proposed amended complaint is futile. In determining whether a proposed amendment is futile, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). An amended complaint is futile if, as amended, it "would fail to state a claim upon which relief could be granted." *Id.* The Court "determines futility by taking all pleaded allegations as true and viewing them in the light most favorable to [the moving party]." *Great W. Mining & Mineral Co.*, 615 F.3d at 175. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Defendants argue that Counts I, III, and IV of the proposed amended complaint are futile. (Defs.' Opp'n at 6-12.) Specifically, Defendants argue that Plaintiff's proposed amended complaint is futile because: (1) the breach of contract claims asserted against all Defendants (Count I)[1] and the breach of contract claim asserted against CFC (Count III) fail to state a claim upon which relief may be granted; and (2) Plaintiff's claim against CFC for negligence (Count IV) is

---

[1] In their opposition brief, Defendants argue that Plaintiff should not be granted leave to amend Count I for breach of contract against Defendants and that Count I should be dismissed because Plaintiff has failed to state a claim upon which relief may be granted. (Defs.' Opp'n at 6.) However, Plaintiff does not seek leave to amend Count I of the complaint. Therefore, Defendant's argument is improperly raised here. Whether Count I states a claim upon which relief may be granted will be determined in the pending motion to dismiss. (ECF No. 9.) Being that Plaintiff is seeking to add Count III and Count IV, the Court will focus on whether those two amendments are futile.

not actionable under New Jersey law. (*Id*.)

First, the Court turns to whether Plaintiff's claim for breach of Contract against CFC is futile. Defendants argue that CFC cannot be liable for breach of contract because CFC is not a party to the insurance policy contract. (*See* Defs.' Opp'n at 8-11.) Plaintiff argues that the decision of the New Jersey Supreme Court in *Pickett v. Lloyds*, 621 A.2d 445 (1993) holds otherwise, as the policyholder in that case recovered consequential damages from the insurance company, Underwriters, and its agent, Peerless, for their breach of the insurance policy and bad faith, and the court upheld the jury's allocation of 60% of the liability to Peerless. (Pl.'s Reply at 5.) Plaintiff contends that pursuant to *Pickett v. Lloyds*, although CFC was not a party to the Policy, "CFC may have liability as Underwriters' agent and should still be liable for its failure to act in accordance with the duty of care owed to [Plaintiff] and its failure to exercise good faith and reasonable skill in handling the insured claims." (Mot. at 7-8.) Plaintiff alleges that the proposed amended complaint alleges that CFC's conduct contributed to or caused Plaintiff's damages and therefore, CFC is potentially liable to Plaintiff in contract for its bad faith. (*Id.* at 5.)

The Court agrees with Plaintiff. In *Pickett v. Lloyds*, the New Jersey Supreme Court held that Peerless, the insurance company's agent, was liable to the insured in contract for lack of good faith and fair dealing outside of its agency relationship with Lloyd's for its role in the claims handling delay that caused consequential damages to the policyholder. *Pickett*, 621 A.2d at 450. The court found that Peerless' conduct contributed to the delay that led to the consequential damage. *Id*. at 458. Similarly, here, in its proposed amended complaint, Plaintiff alleges that CFC's conduct contributed to or caused Plaintiff's damages. The *Pickett* case shows that although an agent such as CFC may not have been a party to the contract, it can still be liable for breach of contract and/or tort. The New Jersey Supreme Court held that "although the allegation of an agent's

5

breach of duty of care carries tort overtones, the contractual relationship between the insured and insurer dominates not only the relationship between them, but also that between the insured and the agent." (*Id*. at 452.) The court further held that "agents of an insurance company are obligated to exercise good faith and reasonable skill in advising insureds." (*Id*. at 450.) Accordingly, Plaintiff's breach of contract claim against CFC is not futile.

Next, the Court turns to Plaintiff's negligence claim against CFC. Defendants argue that a claim of negligence against CFC is not actionable under New Jersey law. (Defs.' Opp'n at 11.) Defendants contend that "simple negligence... is insufficient to impose liability against the agent of an insurance company." (*Id*.) Plaintiff argues that the New Jersey Supreme Court in *Pickett* "did not rule out the possibility of an independent tort action for bad faith." (Pl.'s Reply at 8.)

In *Picket*, the court held that "clearly cases may arise in which the insurance company's conduct in response to an insured's claim for payment constitutes an independent tort." *Picket*, 621 A.2d at 455. Although Defendants cite to *Miglicio v. HCM Claim Mgmt. Corp., 288 N.J. Super. 331, 346, 672 A.2d 266, 274 (1995),* and *Nuzzo v. Horvath*, A-5323-08T1, 2011 WL 3795035 (N.J. Super. Ct. App. Div. Aug. 29, 2011) to support their argument, neither of those cases hold that a claim of negligence against an insurance company's agent is never actionable under New Jersey law. Accordingly, Plaintiff's negligence claim against CFC is not futile.

### IV. CONCLUSION & ORDER

For the reasons stated above, and for other good cause shown,

**IT IS** on this 31st day of March, 2021 **ORDERED** that:

1. Plaintiff's Motion to Amend the Complaint (ECF No. 13) is hereby **GRANTED**.

2. Plaintiff shall file the Amended Complaint within seven (7) days of the entry of this Order.

                                                s/ Zahid N. Quraishi
                                      **ZAHID N. QURAISHI**
                                      **UNITED STATES MAGISTRATE JUDGE**